IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-298-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ANTWAN JAMAL STACKHOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a two-count indictment on 29 December 2014 with: possession of a firearm and ammunition by a person subject to terms equivalent to a domestic violence protection order in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2) (ct. 1); and

possession of a stolen firearm and ammunition in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (ct. 2). The alleged offense date in each count is on or about 6 February 2014 up to and including on or about 11 February 2014. The evidence presented at the hearing showed that on 6 February 2014 defendant agreed with a friend to hold the proceeds of a home robbery committed by the friend. The proceeds included a shotgun, handgun, rifle, and ammunition. Defendant stored the rifle and some of the ammunition in the crawlspace of his mother's home without her knowledge and gave the shotgun and some of the ammunition to his girlfriend to hold. The evidence did not address definitively the location of the handgun. Police met with defendant and he produced the rifle from the crawlspace and facilitated the recovery of the shotgun from his girlfriend. Several days later, defendant contacted police and, after giving a different version of his involvement, admitted to taking the stolen property from his friend for safekeeping. The rifle and shotgun had travelled in interstate commerce as had much of the ammunition. At the time, defendant was subject to conditions of state probation which included terms equivalent to a domestic violence protection order. When officers came to arrest defendant on the instant charges on 4 February 2015, he fled on foot and was apprehended about 20 minutes later.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including the multiple prohibitions against defendant's possessing firearms (*e.g.*, violation of state probation, violation of state law against possession of stolen property, violation of federal statutes underlying the instant indictment), the potentially lengthy term of imprisonment defendant faces if convicted, and his flight from arresting officers;

2
Case 5:14-cr-00298-FL   Document 16   Filed 02/10/15   Page 2 of 4

defendant's criminal record, including two state-law felony convictions, three misdemeanor convictions, and his violation of probation each time he has been placed on it (which violations occurred as late as June 2014) demonstrated, in part, by two probation revocations, three formal probation violations, and commission of his last misdemeanor while on probation (in addition to the instant charged offenses); the danger of continued offense conduct by defendant if released; defendant's mental health and substance abuse history; the unsuitability of the proposed third-party custodial arrangement due to the regular absence of the proposed custodian from the home for work, defendant's lack of respect for the proposed custodian as evidenced by his storing the stolen property at her home, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's having a job. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 9th day of February 2015.

                                                _____
                                                James E. Gates
                                                United States Magistrate Judge